Banco de Ponce, Petitioner, *v.* The Registrar of Property of Guayama, Respondent.

No. 1086. Submitted May 2, 1941.—Decided May 5, 1941.

*V. Zayas Pizarro,* for petitioner; the respondent registrar appeared by brief.

Mr. Justice De Jesús delivered the opinion of the Court.

Fidel María Collazo, by deed of April 21, 1936, recorded in the Registry of Property on May 25, 1938, executed a mortgage in favor of the Banco de Ponce, on a house and lot situated in Aibonito. After the execution of said mortgage the encumbered property was subjected to distraint proceedings by the Collector of Internal Revenue of Aibonito, to recover the following amounts: $168.71 for property taxes upon the aforesaid house and lot; $143 for income taxes, and $142.40 for workmen's compensation premiums, the last two amounts owed by Fidel María Collazo. The attachment levied in the distraint proceeding was entered in the Registry of Property on February 10 of last year; and the tax sale was held the next 4th of April and a tax sale certificate issued in favor of José Aponte Garay on the 23rd of August last.

Seeking to redeem the property, the Banco de Ponce offered to the purchaser, Aponte Garay, only the amount represented ·by the total of the property tax, the interest thereon and the costs, but not the total price paid with

interest and costs. Aponte Garay refused to accept the amount offered and the Banco de Ponce availed itself of the proceeding provided for by Sections 349 and 350 of the Political Code, presenting to the Registrar of Property of Guayama the proper documents, depositing with said officer the amount refused by Aponte Garay plus the registrar's fees and requesting the latter to issue a certificate of redemption, to which the registrar did not accede for the reasons stated in an extensive ruling which he summarizes as follows:

"For the above stated reasons I refuse to issue the certificate of redemption requested, since in the judgment of the undersigned the registrar lacks legal authority to determine and decide the alleged preference and priority of the credit owned by the Banco de Ponce, which faculty belongs to the courts of justice; and the registrar of property can only issue the certificate of redemption after the payment of the sum total of the purchase price at the auction. with the annual interest thereon at 12 per cent, as well as all the costs which may have accrued and the taxes due as expressly provided for by section 348 of the Political Code of Puerto Rico."

Two issues are set forth in this administrative appeal filed by the Banco de Ponce against the ruling of the registrar, to wit:

1. Is it improper, as the registrar holds, considering the circumstances of this case, to review his ruling within an administrative appeal?

2. Assuming that the appeal lies, has the petitioner a right, within the stated circumstances, to the certificate of redemption refused by the registrar?

Sections 349 and 350 of the Political Code, of which the petitioner availed himself, and which establish the proceeding before the registrar to obtain the certificate of redemption when the purchaser of real property sold for taxes refuses to accept the purchase price and expenses, provide nothing as to the rights that interested parties may have against the ruling of the registrar. Therefore, we must examine the law of administrative appeals against rulings of

registrars of property (Comp. 1911, p. 425), to determine whether an order of that kind is reviewable through an administrative appeal. According to the aforesaid Act, an administrative appeal can only be filed against the refusal of a registrar of property to record, take cautionary notice or cancel the titles presented to the registry.

In the case of *Mollfulleda* v. *Registrar,* 19 P.R.R. 950, a writing was presented to the registrar seeking the cancellation of a cautionary notice for the reason that the writ by virtue of which said notice was entered lacked a signature. The registrar refused to do this and an administrative appeal was taken from his decision, in the determination of which appeal this Court said:

"WHEREAS, it may be fairly deduced from article 66 of the Mortgage Law, articles 111 and 112 of the Regulations for its execution, and section 1 of the Act of March 1, 1902, providing for appeals from the decisions of registrars of property, that said appeals lie only from the refusals of registrars of property to record, enter cautionary notices of or cancel titles which are presented in the registry, but not from other decisions of the registrars which may affect the rights of the parties and against which the interested parties may invoke the other remedies afforded them by the same Mortgage Law;

"WHEREAS, the decision of the Registrar of Property of San Juan, Section 1, the reversal of which Mollfulleda seeks, refers to no document presented by said Mollfulleda for record, annotation or cancellation;

"THEREFORE, in view of the legal provisions cited and the decision of this court on October 21, 1902, in the case of *Bartolomey* v. *Registrar of Property of Ponce,* 2 S. P. R. 589.

"IT IS ORDERED, that the present appeal be dismissed and that the parties be duly notified thereof."

In the case of *Comunidad Religiosa, etc.* v. *Registrar,* 55 P.R.R. 896, the appellant presented a petition to the registrar asking that a certain annuity be recorded and as the petitioner alleged that it could not find the original deed by which the same was created, it presented, to sustain its petition, a certified copy of the order issued on February 11,

1907, by the District Court of San Juan, declaring that the dominion of the property was vested in Lorenza Valdés, and a sworn statement of the Mother Prioress of the appellant community, indicating the existence of the annuity, the collection of the rents and the lack of any documents referring to the creation of said lien.

The registrar returned the documents without taking any action, because the deed constituting the annuity had not been presented, and because the petition was not a document which could be recorded or entered.

The registrar, in opposition to this Court's considering the appeal, alleged that it was not a case where the registrar had failed to classify a document or had refused to record a deed for an incurable defect, or had recorded it with a curable defect, which are the only cases where, according to the act relating to appeals against rulings of registrars of property, as the registrar alleged, an administrative appeal can be taken to this Court.

In dismissing the appeal this Court stated:

"In *Mollfulleda* v. *Registrar*, 19 P.R.R. 950, this Court decided in applying Sec. 66 of the Mortgage Law and Secs. 111 and 112 of the Regulations that an administrative appeal from a decision of a Registrar lies only against the refusal of the Registrar to record, to take cautionary notice, or to cancel titles which may be presented at the registry, but not against other rulings of the Registrar which may affect the rights of the parties and against which the parties may invoke other legal remedies. See Galindo, vol. 2, p. 633.

"The document presented by the petitioner is not a title. It is a simple request, *ex parte*, whereby it is pretended, without hearing the owners of the property on which the annuity is said to constitute a lien, to make a definite record of a simple mention made 32 years before the said petition was filed."

In the case at bar we are not dealing either with the refusal of the registrar of property to record, enter or cancel a deed, but with a' purely *ex parte* proceeding before the registrar, where the appellant, as petitioner, did not comply (in the judgment of the registrar) with the requisite of offering

to the purchaser of the property and later depositing in the registry, "the full amount of the purchase price at public auction, with annual interest at the rate of 12 per cent, together with all costs incurred and taxes due."

In consequence, the review of the ruling of the registrar through an administrative appeal does not lie.

The conclusion at which we arrive prevents us from considering the second issue raised, because if we did so we would be considering the merits of an appeal over which we have no jurisdiction.

The instant appeal is dismissed for lack of jurisdiction, and the parties should be duly notified of this decision.